T.C. Summary Opinion 2018-35


UNITED STATES TAX COURT


SHASH SCHAEKAR, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 19365-16S, 893-17S.[1]          Filed July 10, 2018.


Shash Schaekar, pro se.

<u>Christiane C. Sanicola</u>, <u>David M. Carl</u>, and <u>Sandeep Singh</u>, for respondent.


SUMMARY OPINION


GUY, <u>Special Trial Judge</u>:  These cases were heard pursuant to the

provisions of section 7463 in effect when the petitions were filed.[2]  Pursuant to

---

[1]These cases were consolidated for purposes of trial, briefing, and opinion.

[2]Unless otherwise indicated, all section references are to the Internal
Revenue Code (Code), as amended and in effect for the taxable years 2013, 2014,
(continued...)

section 7463(b), the decisions to be entered are not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined that petitioner is liable for Federal income tax deficiencies and accuracy-related penalties for the taxable years and in the amounts as follows:

| Year | Deficiency | Penalty sec. 6662(a) |
|------|-----------|----------------------|
| 2013 | $16,107 | $3,221 |
| 2014 | 18,981 | 3,796 |
| 2015 | 27,448 | 5,474 |

Petitioner filed timely petitions for redetermination with the Court pursuant to section 6213(a). He resided in California when the petitions were filed.

After concessions,[3] the issues remaining for decision are whether petitioner is: (1) entitled to deductions for moving expenses of $13,520 and $14,697 for the taxable years 2013 and 2014, respectively, (2) entitled to deductions claimed on Schedules A, Itemized Deductions, in excess of amounts allowed by respondent,

---

[2](...continued)
and 2015 (years in issue), and all Rule references are to the Tax Court Rules of Practice and Procedure. Monetary amounts are rounded to the nearest dollar.

[3]Petitioner concedes that he failed to report wage income of $1,157 for the taxable year 2015. The parties agree that the business losses that petitioner reported on Schedules C, Profit or Loss From Business, are limited to $7,469, $3,057, and $9,684 for the taxable years 2013, 2014, and 2015, respectively.

and (3) liable for accuracy-related penalties for the years in issue under section 6662(a).

## Background[4]

In 2011 petitioner was hired as an engineer at Tyco Electronics Corp. (Tyco) in Wilsonville, Oregon. In 2013, while still employed at Tyco, he moved his residence from Portland, Oregon, to Wilsonville. Petitioner's move to Wilsonville was not related to the commencement of work at a new principal place of employment.

At some point in 2014 petitioner left his position at Tyco and moved to Sausalito, California, to look for a job in the San Francisco Bay Area. He subsequently moved back to Wilsonville but shortly thereafter accepted a position at Genentech, Inc. (Genentech), in San Mateo, California. In August 2014 petitioner moved back to Sausalito and began work at Genentech. Genentech paid $22,010 to cover petitioner's moving expenses, including incidental items, meals, storage and shipment expenses, and temporary lodging expenses for approximately four weeks.

---

[4]Some of the facts have been stipulated.

Petitioner filed Form 1040, U.S. Individual Income Tax Return, for each of the years in issue. He reported wages of $93,105, $95,120, and $205,557 for the taxable years 2013, 2014, and 2015, respectively.

Petitioner claimed deductions for moving expenses of $13,520 and $14,697 for the taxable years 2013 and 2014, respectively.

Petitioner attached Schedule A to each return, claiming itemized deductions of $31,891, $29,886, and $68,191 for the taxable years 2013, 2014, and 2015, respectively. He also attached Schedule C to each return, claiming net losses of $35,101, $36,494, and $62,488 for the taxable years 2013, 2014, and 2015, respectively. The record shows that petitioner claimed deductions for some of the same expenses on both Schedules A and C and that he erroneously claimed capital losses as miscellaneous expenses on Schedules A, while also claiming capital losses on Schedules D, Capital Gains and Losses, for the taxable years 2013 and 2015.

## Discussion

As a general rule, the Commissioner's determination of a taxpayer's liability in a notice of deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is incorrect. Rule 142(a); Welch v. Helvering, 290

U.S. 111, 115 (1933).[5]  Deductions and credits are a matter of legislative grace, and the taxpayer generally bears the burden of proving entitlement to any deduction or credit claimed.  Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

A taxpayer must substantiate deductions claimed by keeping and producing adequate records that enable the Commissioner to determine the taxpayer's correct tax liability.  Sec. 6001; Hradesky v. Commissioner, 65 T.C. 87, 89-90 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976); Meneguzzo v. Commissioner, 43 T.C. 824, 831-832 (1965).  A taxpayer claiming a deduction on a Federal income tax return must demonstrate that the deduction is allowable pursuant to a statutory provision and must further substantiate that the expense to which the deduction relates has been paid or incurred.  Sec. 6001; Hradesky v. Commissioner, 65 T.C. at 89-90.

Under section 162(a), a deduction is allowed for ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business.  A deduction normally is not allowed, however, for personal, living, or family expenses.  Sec. 262(a).  Whether an expenditure satisfies the requirements

---

[5]Petitioner does not contend, and the record does not suggest, that the burden of proof should shift to respondent pursuant to sec. 7491(a).

for deductibility under section 162 is a question of fact. See Commissioner v. Heininger, 320 U.S. 467, 475 (1943).

When a taxpayer establishes that he paid or incurred a deductible expense but fails to establish the amount of the deduction, the Court normally may estimate the amount allowable as a deduction. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930); Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985). There must be sufficient evidence in the record, however, to permit the Court to conclude that a deductible expense was paid or incurred in at least the amount allowed. Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957).

I. Moving Expenses

Petitioner claimed deductions for moving expenses of $13,520 and $14,697 for the taxable years 2013 and 2014, respectively. Respondent disallowed the deductions in full.

Section 217(a) allows as a deduction "moving expenses paid or incurred during the taxable year in connection with the commencement of work by the taxpayer as an employee or as a self-employed individual at a new principal place of work." Section 217(b) generally defines the term "moving expenses" as the reasonable expenses of moving household goods and personal effects from the former residence to the new residence and related travel.

Section 217(c) imposes conditions that taxpayers must satisfy to be eligible to claim a deduction for moving expenses. First, the taxpayer's new principal place of work must be at least 50 miles farther from his former residence than was his former principal place of work or, if he had no former principal place of work, must be at least 50 miles from his former residence. Sec. 217(c)(1). Second, during the 12-month period immediately following the taxpayer's arrival in the general location of his new principal place of work, the taxpayer must be a full-time employee, in such general location, during at least 39 weeks. Sec. 217(c)(2).

In 2013, while continuing to work for Tyco in Wilsonville, petitioner moved his residence from Portland to Wilsonville. Inasmuch as petitioner did not move in 2013 to commence employment at a new principal place of work, he is not entitled to a deduction for moving expenses that year.

In 2014 petitioner moved from Wilsonville to Sausalito to begin work at Genentech in San Mateo. Genentech paid $22,010 of petitioner's moving expenses, including incidental expenses, meals, storage and shipping charges, and temporary lodging. Petitioner did not produce any objective evidence that he paid any moving expenses in excess of the amount covered by Genentech. Consequently, he is not entitled to a deduction for moving expenses for 2014.

II. Schedule A Itemized Deductions

Petitioner claimed itemized deductions on Schedules A totaling $31,891, $29,886, and $68,191 (comprising medical expenses, taxes, charitable contributions, and miscellaneous expenses) for the taxable years 2013, 2014, and 2015, respectively. Respondent determined that petitioner properly substantiated that he had paid deductible State and local taxes during the years in issue, but that he had failed to substantiate the remaining items reported on Schedules A.[6]

Petitioner offered testimony in an effort to substantiate medical expenses, charitable contributions, and miscellaneous expenses that he had reported on Schedules A. He did not, however, produce any reliable, objective evidence that would support a finding that he paid deductible expenses or made charitable contributions during the years in issue.

Petitioner offered rental car confirmations in an attempt to substantiate unreimbursed employee business expenses reported on Schedules A and business expenses reported on Schedules C. Insofar as petitioner claims that the rental car

_____

[6]Respondent determined that petitioner is entitled to itemized deductions of $7,907 and $16,513 for State and local taxes that he had paid in the taxable years 2014 and 2015, respectively. Respondent further determined that petitioner is entitled to a standard deduction of $6,100 for the taxable year 2013 because the State and local taxes totaling $4,575 that he had paid that year did not exceed the standard deduction amount.

charges constitute unreimbursed employee business expenses, however, he failed to maintain a mileage log or similar record sufficient to satisfy the stringent substantiation requirements prescribed in section 274(d) before a taxpayer may deduct certain categories of expenses, including expenses related to the use of listed property (i.e., automobiles), as defined in section 280F(d)(4)(A). See Sanford v. Commissioner, 50 T.C. 823, 827 (1968), aff'd, 412 F.2d 201 (2d Cir. 1969).

In sum, as we have stated many times, the Court is not obliged to accept a witness' self-serving testimony without objective, corroborating evidence. See Shea v. Commissioner, 112 T.C. 183, 189 (1999) (citing Tokarski v. Commissioner, 87 T.C. 74, 77 (1986)); see also Sparkman v. Commissioner, 509 F.3d 1149, 1156 (9th Cir. 2007) (confirming that the Court may disregard uncontradicted testimony where it finds the testimony vague, contrived, and lacking in credibility), aff'g T.C. Memo. 2005-136. Without more, respondent's determinations in respect of the amounts of petitioner's itemized deductions for the years in issue are sustained.

## III. Accuracy-Related Penalties

Section 6662(a) and (b)(1) and (2) imposes an accuracy-related penalty equal to 20% of the amount of any underpayment of tax that is due to the

taxpayer's negligence or disregard of rules or regulations or to any substantial understatement of income tax. The term "negligence" includes any failure to make a reasonable attempt to comply with the provisions of the Code, and the term "disregard" includes any careless, reckless, or intentional disregard of rules or regulations. Sec. 6662(c). A taxpayer is negligent if he "fails to make a reasonable attempt to ascertain the correctness of a deduction, credit or exclusion on a return which would seem to a reasonable and prudent person to be 'too good to be true' under the circumstances". Sec. 1.6662-3(b)(1)(ii), Income Tax Regs.

With respect to a taxpayer's liability for any penalty, section 7491(c) places on the Commissioner the burden of production, thereby requiring the Commissioner to come forward with sufficient evidence indicating that it is appropriate to impose the penalty. Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001). Once the Commissioner meets his burden of production, the taxpayer must come forward with persuasive evidence that the Commissioner's determination is incorrect. Id. at 447; see Rule 142(a); Welch v. Helvering, 290 U.S. at 115.

Respondent has met his burden of production.[7]  As discussed above, petitioner failed to properly substantiate deductions and losses claimed on Schedules A, C, and D, and he did not attempt to explain his failure to properly report his taxable income.

Petitioner did not offer a meaningful defense to the imposition of accuracy-related penalties in this case.  In the absence of any objective evidence that petitioner reasonably attempted to ascertain the correctness of the disallowed deductions or losses or to comply with the provisions of the Code, we sustain respondent's determination that he is liable for accuracy-related penalties under section 6662(a).

To reflect the foregoing,

Decisions will be entered

under Rule 155.

_____

[7]The record includes civil penalty approval forms executed by the IRS tax examiner's group manager approving the sec. 6662(a) penalties asserted in the notices of deficiency in dispute.  See sec. 6751(b).